IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BASLE HOLDINGS LTD.,
CHATSWORTH ASSET MANAGEMENT, LTD.,
COMMODITY TRADE LTD.,
KILGARVAN INVESTMENT & HOLDING CO., LTD.,
MICHAEL T. CRONIN, ESQUIRE, and
MAX SCHMID,

    Plaintiffs,

                  Case No.  8:07-CV-01686-T-23MAP

    v.

FREEHAND SYSTEMS, INC., f/k/a
U.S. ENVIRONMENTAL, INC.,
ANGELO J. PANZARELLA,
RON HOTTOVY, and
HOLLADAY STOCK TRANSFER, INC.,

    Defendants.

## CASE MANAGEMENT REPORT

1.    **Meeting of the Parties:**  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on March 18, 2008, at 3:30 p.m. by telephone and was attended by:

      Darryl R. Richards, Counsel for Plaintiffs

      Counsel for Defendants, Freehand Systems, Inc. and Ron Hottovy:
      Daniel L. Wallach
      Robert W. Gottlieb

2.    **Pre Discovery Initial Disclosures of Core Information:**

      a.    Fed. R. Civ. P. 26(a)(1)(C)&(D) Disclosures (Local Rule 3.05(d) provides that these disclosures are mandatory in Track Two Cases and optional in other cases unless otherwise ordered by the Court. Complete the following in all Track Two cases, and, when applicable, in Track Three cases):

    The parties
\_\_\_\_\_ Have exchanged
__x__ Agree to exchange
information described in Fed. R. Cov. P. 26A(a)(1)(C)&(D)
\_\_\_\_\_ on
__x__ by
_____.  Below is a detailed description of information disclosed or scheduled for disclosure.
Disclosure description continued: **May 1, 2008.**

The Plaintiffs will provide a computation of the damages claimed in the Amended Complaint.  Defendants will provide a copy under Rule 34 of any insurance agreement(s) under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

    b.    Fed. R. Civ. P. 16(a)(1)(A)&(B) Disclosures (Local Rule 3.05(d) provides that these disclosures are not mandatory except as stipulated by the parties or otherwise ordered by the Court.  Complete the following when applicable):

    The parties
_____ have exchanged
_____ agree to exchange
information referenced by Fed. R. Civ. P. 26(a)(1)(A)&(B)
_____ on
_____ by
_____.  Below is a detailed description of information disclosed or scheduled for disclosure.

The parties do not stipulate to the disclosures required by Fed. R. Civ. P. 26(a)(1)(A)&(B).

3.    <u>Discovery Plan – Plaintiffs</u>:  The parties jointly propose the following Plaintiffs' discovery plan:

    a.    <u>Plaintiffs Planned Discovery</u>:  A description of every discovery effort Plaintiffs plan to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Number of Requests for Admission: Parties may seek to limit the number of requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

Plaintiffs intend to send requests for admissions in accordance with the Federal Rules of Civil Procedure.

(2) Written Interrogatories:

Number of Interrogatories: Local Rule 3.03(a) provides "unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R. Civ. P., including all parts and subparts." Any request by Plaintiffs to exceed this limit must be presented by motion. See paragraph 6 below.

Plaintiffs intend to serve written Interrogatories on Defendants. Plaintiffs intend to pursue discovery by written interrogatories in accordance with the Federal Rules of Civil Procedure.

(3) Requests for Production or Inspection:

Plaintiffs intend to pursue the production of documents and will pursue that discovery in accordance with the Federal Rules of Civil Procedure.

(4) Oral Depositions:

Number of Depositions: Local Rule 3.02(b) provides, "in accordance with Fed. R. Civ. P. 30(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiffs to exceed this limit must be presented by motion. See paragraph 6 below.

Plaintiffs intend to take depositions, but do not anticipate that more than **10** depositions per side will be required.

       Time Permitted for Each Deposition: Parties request that, in accordance with Fed.R.Civ.P. 26(b0(2), the Court limit the time permitted for the conduct of each deposition to **7 hours**, unless extended by agreement of the parties.

       *Plaintiffs reserve the right to seek a protective order in the event that any deposition is used or designed to harass or annoy Plaintiffs or the deponent.

  b.  <u>Disclosure of Expert Testimony</u>: Parties stipulate in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Plaintiffs' Fed.R.Civ.P. 16(a)(2) disclosure will be due as noted here:

     Plaintiffs shall provide their expert witness disclosure on or before **November 1, 2008**, and for any rebuttal expert witnesses within 30 days after the Defendants' expert witness disclosure

  c.  <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiffs' supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: No later than thirty days after the need for supplementation is discovered, but in no event any later than fifteen days prior to the close of discovery.

---

  d.  <u>Completion of Discovery</u>: **February 1, 2009.**

4.  <u>Discovery Plan – Defendants</u>: The parties jointly propose the following Defendants' discovery plan:

  a.  <u>Defendants Planned Discovery</u>: A description of every discovery effort Defendants plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Number of Requests for Admission: Parties may seek to limit the number of requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

Defendants intend to send requests for admissions in accordance with the Federal Rules of Civil Procedure.

(2) Written Interrogatories:

Number of Interrogatories: Local Rule 3.03(a) provides "unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R. Civ. P., including all parts and subparts." Any request by Defendants to exceed this limit must be presented by motion. See paragraph 6 below.

Defendants intend to serve written Interrogatories on Plaintiffs. Defendants intend to pursue discovery by written interrogatories in accordance with the Federal Rules of Civil Procedure.

(3) Requests for Production or Inspection:

Defendants intend to pursue the production of documents and will pursue that discovery in accordance with the Federal Rules of Civil Procedure.

(4) Oral Depositions:

Number of Depositions: Local Rule 3.02(b) provides, "in accordance with Fed. R. Civ. P. 30(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendants to exceed this limit must be presented by motion. See paragraph 6 below.

>Defendants intend to take depositions, but do not anticipate that more than **10** depositions per side will be required.
>
>Time Permitted for Each Deposition: Parties request that, in accordance with Fed.R.Civ.P. 26(b0(2), the Court limit the time permitted for the conduct of each deposition to **7** hours, unless extended by agreement of the parties.
>
>*Defendants reserve the right to seek a protective order in the event that any deposition is used or designed to harass or annoy Defendants or the deponent.

>b. <u>Disclosure of Expert Testimony</u>: Parties stipulate in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendants' Fed.R.Civ.P. 16(a)(2) disclosure will be due as noted here:
>
>Defendants shall provide their expert witness disclosure on or before **November 1, 2008**, and for any rebuttal expert witnesses within 30 days after the Plaintiffs' expert witness disclosure

>c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendants' supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: No later than thirty days after the need for supplementation is discovered, but in no event any later than fifteen days prior to the close of discovery.

>d. <u>Completion of Discovery</u>: **February 1, 2009**.

5. <u>Joint Discovery Plan – Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g. handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues).

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties and to amend pleadings should be **October 1, 2008**. Parties agree that the final date for filing motions for summary judgment, and all other potentially dispositive motions should be **March 1, 2009.**

8. <u>Settlement and Alternative Dispute Resolution.</u>  Parties agree that settlement is
   \_\_\_ likely
   _x_ unlikely.

   Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).  \_\_\_ yes _x_ no \_\_\_ likely to agree in future.

   Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  \_\_\_ yes \_\_\_ no _x_ likely to agree in future.

   If yes, the order of referral described in Local Rule 9.04 should be entered by the court on _____ designating _____ to serve as mediator.

   Parties intend to pursue the following other methods of alternative dispute resolution: **Mediation**.

   In accordance with the Local Rule 3.05(c)(2)(v), parties agree that if they do not report to the Court that the case has settled on or before **January 1, 2009**, parties will apply for an order invoking court annexed arbitration (Chapter Eight of Local Rules) or Court annexed mediation (Chapter Nine of Local Rules) on that date.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The Parties agree to consent to trial presided over by United States Magistrate Judge for final disposition, including trial.  <u>See</u> 28 U.S.C § 636.

   \_\_\_ yes _x_ no \_\_\_ likely to agree in future.

10. <u>Preliminary Pretrial Conference</u>:
    Track Two Cases: Parties
       \_\_\_ request
       _x_ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Tract Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Plaintiff agrees that it will be ready for a final conference on or after **April 1, 2009**, and for trial on or after **April 15, 2009**. Trial is expected to take approximately _____ hours.

11a Type of Case: This is a <u>x</u> jury ___ non-jury case.

11b <u>Description of Case</u>: Below is a brief description of the specific nature and relative complexity of this case.

Plaintiffs contend the Defendants have failed to issue stock owed to them or otherwise obtained stock or ownership to which they were not entitled. Plaintiffs have lost the ability to sell the stock during the delay and have suffered damages, attorney's fees and costs.

12. <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Other matters</u>:

Date: March 26, 2008

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

<u>/s/ Darryl R. Richards</u>
Darryl R. Richards
Florida Bar #348929
darrylr@jpfirm.com
Post Office Box 1100
Tampa, FL 33601-1100
(813) 225-2500
(813) 223-7118 (fax)
Attorneys for Plaintiffs

BECKER & POLIAKOFF, P.A.

<u>/s/ Daniel L. Wallach</u>
Daniel L. Wallach, Esquire
dwallach@becker-poliakoff.com
3111 Stirling Road
Fort Lauderdale, FL 33312-6526
Attorneys for Defendants
Freehand Systems, Inc. and
Ron Hottovy

                KATTEN, MUCHIN,
                ROSEMAN LLP

/s/ Robert W. Gottlieb
Robert W. Gottlieb, Esquire
robert.gottlieb@kattenlaw.com
575 Madison Avenue
New York, NY 10022-2585
Attorneys for Defendants
Freehand Systems, Inc. and
Ron Hottovy

116861